IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE CARLOS GALVEZ RAMOS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | |
| | ) | No.  21 C 5131 |
| URSCHEL LABORATORIES, INC., | ) | |
| | ) | |
| *Defendant/Third-Party Plaintiff*, | ) | Judge Virginia M. Kendall |
| | ) | |
| v. | ) | |
| | ) | |
| NATION PIZZA PRODUCTS, LLC, and | ) | |
| LABOR NETWORK, INC. | ) | |
| | ) | |
| *Third-Party Defendants*. | ) | |

**OPINION & ORDER**

Plaintiff Jose Carlos Galvez Ramos moves to amend his Complaint and add third-party defendant Nation Pizza Products, LLC as a direct defendant. (Dkt. 73). For the following reasons, the Motion to Amend [73] is granted and the case is remanded for further proceedings.

**BACKGROUND**

On August 24, 2021, Plaintiff Jose Carlos Galvez Ramos sued Defendant Urschel Laboratories, Inc., after he lost three fingers on October 27, 2019 cleaning an Urschel-manufactured slicing and shredding machine at his workplace. (Dkt. 6 ¶¶ 6–7; Dkt. 76 ¶¶ 1–3). Ramos alleges strict products liability, negligence, and breach-of-warranty claims against Urschel. (*See generally* Dkt. 6). Urschel removed the case, invoking this Court's diversity jurisdiction, and filed a third-party complaint against Ramos's employers, Nation Pizza Products, LLC and Labor Network, Inc., seeking contribution from each as an alleged joint tortfeasor for its pro rata share of liability should Urschel be held liable to Ramos in negligence. (Dkt. 25; Dkt. 73 ¶ 2).

During discovery in April and May 2023, Ramos heard testimony that Nation Pizza had "drastically" altered the Urschel machine that caused his injury. (Dkt. 76 ¶¶ 8–10). With this knowledge, on August 30, 2023, Ramos moved to amend his Complaint to add third-party defendant Nation Pizza as a defendant in counts four, five, and six, and to amend counts one, two, and three. (Dkt. 73 ¶ 4).

Ramos resides in Illinois, Urschel is a Delaware corporation with its principal place of business in Indiana, and Nation Pizza is a Delaware corporation, which is located and does business in Illinois. (Dkt 6 ¶ 1; Dkt. 73 at 2; Dkt. 1).

## DISCUSSION

Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy of at least $75,000. 28 U.S.C. § 1332. Adding Nation Pizza as a direct defendant would destroy complete diversity of citizenship. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978). Although Ramos seeks to add his claims against Nation Pizza under Federal Rules of Civil Procedure 14(a) and 15(c), in reality his amendment amounts to joinder under Federal Rule of Civil Procedure 19.[1] *See Est. of Alvarez v. Donaldson Co.*, 213 F.3d 993, 995 (7th Cir. 2000) (stating the same when plaintiff sought to amend to add 48 non-diverse defendants).

When joinder of a nondiverse party would "destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). The Court cannot permit joinder of Nation Pizza and retain jurisdiction. *Id.*

In determining whether the post-removal joinder of a non-diverse party is proper under 28 U.S.C. § 1447(e), courts weigh the following factors: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Schur*, 577 F.3d at 759.

### A. Timeliness

Taking the second factor first, timeliness weighs in Ramos's favor. In *Schur*, the plaintiff learned of the proposed defendants' role in the incident after obtaining responses to discovery requests and moved to amend two months later. *Id.* at 767. Thus, the court found "the timing of [plaintiff's] motion . . . *supports* her position." *Id.* Here, Ramos filed his Complaint against Urschel in August 2021, and moved to amend in August 2023. Similar to *Schur*, though Ramos's two-year delay appears untimely, when placed in the context of discovery, Ramos moved to amend two months after learning of Nation Pizza's possible role in altering the machine at issue.

### B. Injury

The third factor asks, "whether plaintiff will be significantly injured if joinder is not allowed." *Id.* at 759. The implication for Ramos is clear: Urschel may avoid liability altogether by shifting the blame to Nation Pizza for his injury, but Ramos will not be able to hold Nation Pizza accountable without amending to add them as a defendant. Yet, Ramos could be injured either

---

[1] Federal Rule of Civil Procedure 14(a)(3) permits the plaintiff to "assert against the third-party defendant any claim arising out of the transition or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Federal Rule of Civil Procedure 19(b)—which applies when a party's joinder would deprive the court of subject-matter jurisdiction—states that "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."

way: if the Court remands, the state court could find Ramos's claims against Nation Pizza do not relate back to the original complaint and are barred by the statute of limitations. *See Salameh v. MTF Club Operations Co., Inc.*, No. 21 CV 4080, 2021 WL 4951529, at *5 (N.D. Ill. Oct. 25, 2021). This factor is thus neutral.

### C. Motive and Equitable Considerations

Thus, the most important factors are motive and equitable consideration. "When a plaintiff amends his complaint after removal in a way that destroys diversity, a district [c]ourt must consider the reasons behind the amendment in determining whether the remand is proper. If a plaintiff amended simply to destroy diversity the district court should not remand." *Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330 (7th Cir. 2005). There is no reason to believe that Ramos is adding Nation Pizza solely to destroy diversity, after almost two years in front of this Court. Instead, new information is driving his decision. But Ramos is moving to amend his complaint almost two years after the statute of limitations ran on October 27, 2021. *See* Dkt. 1; 735 ILCS 5/13-202.[2]

Ramos argues that though the statute of limitations has expired as to Nation Pizza, its joinder is proper as it relates back to the original complaint under Federal Rule of Civil Procedure 15(c) and 735 ILCS 2-616(b).[3] Section 2-616(d), not 2-616(b), applies when a plaintiff is attempting to add a new party to the lawsuit. *Owens v. VHS Acquisition Subsidiary No. 3, Inc.*, 2017 IL App (1st) 161709, ¶ 20. Rule 15(c)(1)(C), which substantially mirrors 2-616(d), provides, in relevant part, that an amendment relates back when the party to be brought in by the amendment: "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." These are distinct inquiries. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000).

Yet, as the Court loses jurisdiction of this case when granting leave to amend, relation back will ultimately be a question for the state court interpreting 735 ILCS 2-616(d). *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (noting the court must resolve all issues of fact and law in favor of the movant at this stage). Nation Pizza may ultimately have a statute of limitations defense, but they will need to bring it in the proper forum.

### CONCLUSION

---

[2] Because subject-matter jurisdiction here is based on diversity of the parties, state substantive law, including statutes of limitation, applies. *See Guaranty Trust Co. v. York*, 326 U.S. 99, 110–11 (1945).

[3] Here Rule 15(c) and ILCS 2-616(d) are "substantially similar" to each other. *Borchers v. Franciscan Tertiary Province of Sacred Heart, Inc.*, 2011 IL App (2d) 101257, ¶ 42. Where a provision of the Illinois Code of Civil Procedure is patterned after a Federal Rule of Civil Procedure, federal cases interpreting the federal rule are persuasive authority regarding the application of the Illinois provision. *Cruz v. Unilock Chicago, Inc.*, 383 Ill.App.3d 752, 761 (2008); *Owens v. VHS Acquisition Subsidiary No. 3, Inc.*, 2017 IL App (1st) 161709, ¶ 27 ("Illinois courts have looked to federal precedent interpreting Rule 15(c)(1)(C) for guidance in interpreting section 2-616(d).").

Under the circumstances, Ramos's Motion to Amend [73] is granted and remand of this matter to state court is required. The Clerk of Court is directed to remand the case to the Circuit Court of Cook County forthwith.

Virginia M. Kendall
United States District Judge

Date: November 2, 2023